Filed 6/27/14  P. v. Yang CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G049154 |
| v. | (Super. Ct. No. 11CF0033) |
| HAHN WOO YANG, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of Orange County, John Conley, Judge.  Affirmed.

Nancy S. Brandt, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*     \*     \*

THE COURT: *

Hahn Woo Yang[1] appeals from an order of the trial court finding him in violation of his probation and sentencing him to two years in state prison as a result of his conviction in 2011. Hahn filed a timely notice of appeal, and this court appointed counsel to represent Hahn in the appeal. Pursuant to *People v. Wende* (1979) 25 Cal.3d 436, counsel filed a brief which sets forth the facts of the case, and although counsel does not argue against her client, counsel has advised the court no issues were found to argue on appellant's behalf. Hahn was given the opportunity to file written argument on his own behalf, but he has not availed himself of the opportunity. (*People v. Kelly* (2006) 40 Cal.4th 106.)

We have examined the entire record and have found no arguable issue. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Accordingly, we affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

On March 28, 2011, a jury convicted Hahn of second degree robbery, second degree burglary, and receiving stolen property.[2] At the sentencing hearing the following month, imposition of sentence was suspended and Hahn was placed on four years probation on condition, inter alia, that he "[v]iolate no law." On January 3, 2013, Hahn's probation was ordered revoked as a result of a new misdemeanor case charging Hahn with elder abuse against his father, and a petition was filed alleging a fourth

---

* Before Rylaarsdam, Acting P. J., Ikola, J., and Thompson, J.
[1] Because appellant and his father share the same last name, we refer to appellant by his first name solely to enhance clarity and readability. No disrespect is intended.
[2] Hahn's conviction for receiving stolen property was reversed on appeal. (*People v. Hahn Woo Yang* (May 7, 2012, G045308) [nonpub. opn.].)

2

probation violation since 2011. Although the misdemeanor case was dismissed the following month,[3] the offense was still used as the basis for revoking Hahn's probation.

During pretrial proceedings, the court denied Hahn's two *Marsden*[4] motions to remove the Office of the Public Defender, and granted his *Faretta*[5] request to represent himself at the probation violation hearing.

At the hearing on the probation violation, Hahn's father, Mr. Yang, testified that on December 31, 2012, he drove with his son Hahn to Irvine City Hall so that Hahn could obtain a bicycle permit. According to Mr. Yang, Hahn had asked him for $30 to obtain the bicycle permit. When Mr. Yang went inside city hall to inquire about the cost of the license, he was advised by an officer that the bicycle license is free. According to Mr. Yang, while he was driving home from city hall, the discussion with Hahn about the cost of the bicycle license escalated into an argument. While being questioned by his son on cross-examination, Mr. Yang said, "[w]hile we were having [a] conversation you got real mad and you start striking me." Mr. Yang provided additional detail about the attack and said, "At that time my hands were on the steering wheel. And then my son was actually sitting on the passenger side. And with his arm, he struck me at least three to five times. Because of it, I couldn't really drive. Because of that, I stopped my vehicle on the side as soon as I could. After I made a stop, I used my cell phone to make the call [to police]." Mr. Yang testified that as a result of being hit by Hahn, he almost caused an accident and just missed hitting two cars.

During his testimony, Mr. Yang acknowledged that he was afraid of his son Hahn, who was described in the record as six feet, one inch, and weighed approximately 250 pounds. By comparison, Mr. Yang testified that he was 73 years old, weighed

---

[3]    On the court's own motion, the court takes judicial notice of the docket in Orange County misdemeanor case No. 13HM00017. (Evid. Code § 459.)

[4]    (*People v. Marsden* (1970) 2 Cal.3d 118.)

[5]    (*Faretta v. California* (1975) 422 U.S. 806.)

approximately 143 pounds, stood five feet, six inches, had a pacemaker installed in his chest, and took medication for his heart ailment.

Hahn testified on his own behalf and denied his father's account of events in the car. Hahn explained that at all times he was defending himself against his father and he described two incidents that caused him to call 911. Regarding the first incident, Hahn testified that after the altercation with his father in the car, his father pushed and attacked him when they were near an Albertsons supermarket. According to Hahn, the second incident took place after they returned home and he called 911 because he felt in danger for his life.

At the conclusion of the hearing, the court found Hahn in violation of the terms of his probation. The court explained that it found Mr. Yang to be a believable witness and did not find Hahn to be credible. The court said it found Hahn's claim that he felt in danger from his father to be "ridiculous" and did not "believe a lot of what [Hahn] said." As a result of the probation violation, Hahn was sentenced to two years in state prison, with a total of 730 days of actual and conduct credits.

DISCUSSION

Following the guidelines in *People v. Wende*, *supra*, 25 Cal.3d 436, we have reviewed counsel's brief and the entire appellate record and discern no arguable issue. In the brief, counsel identifies two potential issues for review: (1) whether there was substantial evidence under the preponderance of evidence standard that Hahn violated the "[v]iolate no law" term of his probation; and (2) whether Hahn was properly granted in propria persona status at the probation revocation hearing.

The elements for simple battery require proof that Hahn willfully touched his father in a harmful or offensive manner, and that he was not acting in self-defense or in defense of another. (Pen. Code, § 242; CALCRIM No. 960 (2014 ed.) p. 777.) In this case, there was substantial evidence in the record based on Mr. Yang's testimony, which

4

the court found to be credible, that Hahn battered his father when he struck him several times while driving home from city hall.

Citing to *Indiana v. Edwards* (2008) 554 U.S. 164, counsel also raises the possible issue of whether Hahn was properly granted in propria persona status to represent himself at the probation violation hearing. The issue is no doubt based on the court's reading of the probation officer's assessment of Hahn which the court read in open court and said, "'unless the probationer gets help with his anger and mental illness, this type of behavior will continue and someone will get hurt.'" The trial court concurred with the probation officer's evaluation and said, "I agree 100 percent."

There are no facts in the record that the court or counsel doubted Hahn's mental competence or that Hahn suffered from a "severe mental illness" to the point where he could not "carry out the basic tasks needed to present [his] defense without the help of counsel." (*People v. Johnson* (2012) 53 Cal.4th 519, 530.) Without evidence that Hahn suffered from a severe mental illness, the trial court was required to allow Hahn to represent himself once the other requirements for a successful *Faretta* motion were satisfied on March 25, 2013.

## DISPOSITION

The order revoking probation and the sentence imposed are both affirmed.

5